IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                    CRIMINAL 07-189 (JAG)

[8] JOSÉ MÉNDEZ-PÉREZ a/k/a "JOSSEN"

Defendant.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.    Procedural Background**

On April 25, 2007, a Grand Jury returned a fourteen-count indictment against José Méndez-Pérez a/k/a "Jossen" (hereinafter referred to as "defendant") and twelve (12) other individuals. Docket 2. Defendant was charged in counts one and fourteen of the indictment. On June 12, 2008, defendant filed a motion for change of plea. Docket 421.

The defendant has agreed to plead guilty to count one as well as to the forfeiture allegation corresponding to said count. Count one charges that from on or about May 12, 2004, through on or about March 8, 2007, in the District of Puerto Rico and within the jurisdiction of this Court, defendant José Méndez-Pérez a/k/a "Jossen" and other individuals did knowingly and intentionally conspire, confederate, and agree with each other and with other persons unknown to the Grand Jury to possess with intent to distribute approximately five (5) kilograms (gross weight) or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, and less than fifty (50) kilograms (gross weight) of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, all in violation of Title 21, <u>United States Code</u>, Sections 841(a)(1), (b)(1)(A), (b)(1)(D), and 846.

The forfeiture allegation contained in count fourteen of the indictment essentially seeks the

forfeiture of any property constituting, or derived from, proceeds that the defendant obtained directly or indirectly as a result of the offense detailed in count one including, but not limited to, seven hundred fifty-seven thousand dollars ($757,000.00).

## II. Consent to Proceed Before a Magistrate Judge

On June 26, 2008, while assisted by counsel Rafael Castro-Lang, Esq., the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count one and to submit his agreement with the forfeiture allegation of count fourteen of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

## III. Proceedings Under Rule 11, Federal Rules of Criminal Procedure

### A.    Rule 11 Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

### B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

3

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving him guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one he will face the following maximum penalties: a term of imprisonment of not less than ten (10) years and not more than life, a fine not to exceed four million dollars ($4,000,000.00), and a term of supervised release of at least five (5) years in addition of any term of incarceration. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

4

The defendant was also explained what the supervised release term means and was urged to cooperate with the United States Probation Office in the preparation of the pre-sentence report. Furthermore, the defendant was admonished of the fact that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished. The defendant understood these explanations.

**D. Rule (c)(1)(C) Plea Agreement**

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. **The court may accept or reject the plea agreement, or may defer its decision whether to accept or reject the plea agreement until it has considered a presentence report. Should the court accept the plea agreement, the agreed disposition will be included in the judgment. Should the court reject the plea agreement, the court must give the defendant an opportunity to withdraw the plea and advise the defendant that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated, including the imposition of a sentence up to the statutory maximum.**

Defendant acknowledged having understood these explanations.

**E. Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence as stated in the version of facts of the plea agreement with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

5

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which would have been proven had the case proceeded to trial.

### G. Special Warnings

The defendant was explained, and he understood, that if the court accepts the plea agreement and sentences him according to its terms and conditions, he will be surrendering his right to appeal the sentence and judgment in this case.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one and agreed to the forfeiture allegation of count fourteen of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant José Méndez-Pérez a/k/a "Jossen" is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one. I also recommend that defendant's agreement with the forfeiture allegation of count fourteen of the indictment be accepted by the court.[1]

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the

---

[1] Because the plea agreement has been submitted under Fed.R.Cr.P.(c)(1)(C), it is respectfully recommended that the presiding court take into account the informative motion filed on June 26, 2008 (Docket 431), before deciding whether to accept or not the plea agreement.

6

Clerk of Court within ten (10) days of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

     SO RECOMMENDED.

     At San Juan, Puerto Rico, this 1st day of July, 2008.

                                      s/Marcos E. López
                                      UNITED STATES MAGISTRATE JUDGE